[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 323.]

LAKE COUNTY BAR ASSOCIATION *v.* CIMAGLIO.

[Cite as *Lake Cty. Bar Assn. v. Cimaglio*, 1998-Ohio-585.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of entrusted legal matters—Failing to carry out contracts of employment—Failing to seek lawful objectives of clients—Prejudicing or damaging clients during course of professional relationship—Failing to cooperate in disciplinary investigation.*

(No. 98-782—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-71.

————————————

{¶ 1} On August 11, 1997, relator, Lake County Bar Association, filed a complaint charging that on ten separate occasions respondent, Jeffrey R. Cimaglio of Painesville, Ohio, Attorney Registration No. 0047333, neglected to attend to his clients' interests. The complaint alleged that after being retained by Anthony J. Martin, respondent failed to prosecute Martin's appeal and so lost Martin's right to do so. It alleged that Mark A. Knazek retained respondent and paid him $1,200 to prosecute a medical negligence claim and that respondent failed to obtain a medical review of the claim or file an action on behalf of Knazek. It further charged that respondent failed to pursue twenty collection matters for which he was retained by Roy George Music & Vending, Inc. In addition, the complaint alleged that Bradley L. Laymon retained respondent for representation in litigation, but that respondent failed to communicate with Laymon and failed to comply with a court-ordered discovery deadline. The complaint also charged that after accepting the responsibility for representing Dan and Myra Supanick from attorney Joseph Ulrich, respondent failed to communicate with the Supanicks about their case and,

on April 23, 1996, dismissed their case without their knowledge or permission. The complaint alleged that Clifford A. Watson retained respondent and paid him $1,500 to represent him in custody and adoption litigation, but that respondent failed to communicate with Watson after May 30, 1996. It alleged that Thomas Simon retained respondent and paid him $1,000 to represent him in a domestic relations case and that thereafter respondent failed to take any action on Simon's behalf. It also alleged that Michael Ritchey advanced $500 to respondent for representation in Painesville Municipal Court on July 17, 1995, but that respondent did not respond to a discovery request and failed to appear on the trial date, with the result that Ritchey's case was dismissed with prejudice. Likewise, after Kimberly K. Heckman paid respondent $600 to represent her in custody litigation, he failed to take any action on her behalf and failed to communicate with her despite her leaving repeated telephone messages. Similarly, respondent agreed to represent Carolyn Williams Pytlik in litigation in Trumbull County, but he failed to communicate with her after August 1, 1996, despite her repeated attempts to reach him. Finally, relator added an eleventh count to the complaint, alleging that respondent did not cooperate in the investigation of these matters.

{¶ 2} Attempts to serve the complaint on respondent at his last known address were unsuccessful, and relator then served the Clerk of the Supreme Court as permitted by rule. Respondent failed to answer the complaint or otherwise plead, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 3} Based upon the disciplinary complaint, the default motion, and the affidavit of the attorney-investigator for relator and the complaints of the grievants attached thereto, the panel found the facts as alleged and concluded that in each of the ten instances, respondent violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment); that in five of the instances, he violated 7-101(A)(1) (a

2

lawyer shall not fail to seek the lawful objectives of the client); and that in eight of the instances, he violated 7-101(A)(3) (a lawyer shall not prejudice or damage a client during the course of the professional relationship). It concluded that respondent also violated Gov.Bar R. V(4)(G) (a lawyer shall cooperate in a disciplinary investigation). The panel recommended that respondent be indefinitely suspended from the practice of law and that he be required to make restitution of $4,800 prior to his reinstatement as an attorney. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Michael P. Germano,* for relator.

_____

***Per Curiam.***

{¶ 4} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Prior to respondent's reinstatement as an active member of the bar, he shall provide evidence to relator that he has made restitution to the grievants Knazek, Watson, Simon, Ritchey, and Heckman in the total amount of $4,800, with statutory interest from the time he received the retainers from them. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____